UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C70-9213RSM <br><br> Subproceeding 83-6 <br> Subproceeding 90-1 <br><br> ORDER DIRECTING THE FILING OF A STIPULATED DISMISSAL WITHOUT PREJUDICE |

This matter comes before the Court *sua sponte* and on the parties' Joint Motion to Stay, Dkt. #408. On February 6, 2024, the Court issued a Minute Order noting that the stay in this subproceeding was set to expire in 2008 and directing the parties to file a Joint Status Report "providing an update regarding whether or not the stay should remain in effect or if the subproceeding has settled and the case can be closed." Dkt. #407.

The parties have accurately summarized what they call "the lengthy and complex procedural history of Subproceeding 83-6 and Subproceeding 90-1, which were consolidated in 1994." Dkt. #408 at 1. Subproceeding 83-6 was initiated by seventeen plaintiff tribes in 1983 seeking a declaration that "all anadromous fish of runs bound for usual and accustomed fishing areas of treaty tribes, caught in waters subject to the control or regulation of the United States or its successors in interest . . . by persons not entitled to exercise fishing rights as treaty Indians, count in the non-treaty (non-Indian) share of such runs." *Id.* at 1–2. Although a Pretrial Order was entered in December 1984, a trial on the merits was never held. There were several reasons for delay, including concern that a trial would impede ratification of the Pacific Salmon Treaty between the United States and Canada and a desire to settle the subproceeding.

In May 1988, the parties entered a Stipulated Dismissal Without Prejudice. Dkt. #10980 (not currently available on the docket). The parties stipulated that dismissal was "without imposition of terms or further conditions on plaintiffs per Fed. R. Civ. P. 41(d) either now or in the future." *Id*. at 2. The parties stipulated that "[t]his subproceeding may be reinstated by any party at any time, without precondition or limitation." *Id*. The stipulation stated that "[t]he entire record of this subproceeding… shall be refiled and given full effect if this action is reinstated…" *Id*. The parties agreed that, upon reinstatement, they would "waive the defense that the subproceeding as of the time of dismissal no longer presented a case or controversy and waive objections as to waiver, laches, or estoppel which are based upon this dismissal of this subproceeding." *Id*. at 2–3.

In 1994, Plaintiff tribes reinstated Subproceeding 83-6 pursuant to the terms of the 1988 stipulated dismissal. Dkt. #2. This subproceeding was consolidated with Subproceeding 90-1 and stayed several more times. The last stay, entered on February 11, 2000, expired in 2008. *See* Dkt. #215. That Order used the word "reinstatement" to describe how the stay would be lifted. Since then, essentially the only activity has been appearances and withdrawals of counsel. No party has sought reinstatement or provided a status report to the Court.

The instant Joint Motion to Stay acknowledges the 1988 dismissal via stipulation but does not request such again. Instead, the parties request a stay until June 1, 2029, "several months after new fishing regimes under the Pacific Salmon Treaty could be anticipated to enter into force." Dkt. #408 at 7. The thinking goes that "[e]xtension of the stay would ensure that the consolidated subproceedings remain available for reinstatement…" *Id*.

The Court finds that dismissal via stipulation is *substantively* identical to a stay under the extreme circumstances here, and preferrable for several *procedural* reasons. First, it is not the Court's typical practice to stay proceedings for such an extreme amount of time unless there

is no alternative. One risk of doing so is that the stay expires and confusion ensues—clearly demonstrated by this subproceeding, where a stay was set to expire and 16 silent years passed before anyone noticed. Second, it is not convenient for Court staff to have any case held open in perpetuity from a recordkeeping perspective. This subproceeding was filed in 1983, over 40 years ago, and the Court's recordkeeping systems have changed several times in that period. Third, this subproceeding appears to address a question that no party currently wants answered; a dismissal this year may be the last docket entry. Fourth, dismissal under certain special conditions has already happened previously in this case. Finally, dismissal allows for the possibility that reinstatement could prompt the parties to re-summarize the state of the subproceeding rather than continuing exactly where it left off, years previously with different counsel and different tribal, state, and federal leadership.

For all these reasons, and having considered the submitted Joint Status Report and Joint Moton to Extend Stay, and the remainder of the record, the Court hereby FINDS and ORDERS:

1) The parties' Joint Motion to Stay, Dkt. #408, is DENIED.

2) The parties are to submit a stipulated dismissal of this subproceeding setting forth terms for dismissal without prejudice within thirty (30) days. If the parties cannot agree on such, the Court will enter a dismissal with the relevant terms set forth in the prior stipulation dated May 16, 1988.

DATED this 1st day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE